NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELISE D. WILKINS, : | |
| : | Civil Action No. 10-5334 (SRC) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | |
| ING BANK FSB, : | |
| : | |
| Defendant. : | |
| : | |

**CHESLER**, District Judge

      This matter comes before the Court upon Defendant ING Bank FSB's motion to dismiss Plaintiff's Complaint [docket entry no. 28]. Plaintiff has opposed the motion. The Court will rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendant's motion to dismiss.

**I.    BACKGROUND**

      *Pro se* Plaintiff Elise Wilkins ("Plaintiff" or "Wilkins") filed her Complaint [docket entry no. 1] on October 15, 2010. The instant action is based on a home mortgage loan which closed on December 26, 2007. Defendant was the lender and Plaintiff the borrower.

II.     DISCUSSION

    A.     **Standard of Review**

The Supreme Court has held that a complaint filed by a *pro se* plaintiff must be construed liberally and to a less stringent standard than those pleadings filed by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992). A *pro se* litigant's complaint is, nevertheless, subject to the same pleading requirements set by Federal Rule of Civil Procedure 8(a) as other complaints filed in federal court. *Erickson*, 551 U.S. at 93-94.

Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In *Twombly* and *Iqbal*, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.) The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual

enhancement." *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-57. While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 557. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

**B. Analysis**

1. Statute of Limitations

Damage claims under TILA, HOEPA and RESPA are subject to a one-year statute of limitations that begins to run when the loan is closed. *See* 15 U.S.C. § 1640(e) (one-year statute of limitations for damage claims pursuant to TILA and HOEPA) and 12 U.S.C. § 2614 (one-year statute of limitations for damage claims pursuant to RESPA). Nonetheless, equitable tolling may be appropriate in three scenarios: (1) when the defendant has actively misled the plaintiff respecting the facts which comprise the plaintiff's cause of action; (2) when the plaintiff in some extraordinary way has been prevented from asserting her rights; or (3) when the plaintiff has timely asserted her rights in the wrong forum. *U.S. v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).

The instant loan was closed on December 26, 2007 and the Complaint was brought

beyond the one year limitations period on October 15, 2010.  Plaintiff attempts to invoke the discovery rule, but fails to indicate how the Defendant "actively misled" her.  In fact, Plaintiff states: "[t]he plaintiff did not discover or have reason to discover fraud and non-disclosure until every other attempt to work with ING Bank was exhausted and the plaintiff *then started examining mortgage documents more closely*."  (Pl.'s Opp'n at 3) (emphasis added).  Plaintiff has not demonstrated why she was unable to examine these documents more closely at the time of closing, and therefore the statute of limitations bars her TILA, HOEPA and RESPA claims.  *Lutzky v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. 09-3886, 2009 WL 3584330, at *2, *5 (D.N..J. Jan. 27, 2009).

Plaintiff's negligence claim is similarly time barred.  Plaintiff's allegations in support of her claim for negligence all stem from the loan transaction above.  Though the applicable statue of limitations is two years, Plaintiff still did not file in time.  N.J.SA. 2A:14-2(a).

    2.    <u>Fiduciary Duty</u>

Plaintiff claims that Defendant owed her a fiduciary duty and breached this duty.  Yet, creditor-debtor relationships "rarely are found to give rise to a fiduciary duty." *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988).  Exceptions are made in situations where "the lender encouraged the borrower to repose special trust or confidence in its advice, thereby inducing the borrower's reliance." *United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 554-55 (App. Div. 1997).  No such allegations are made in the Complaint and therefore Plaintiff's claim for breach of fiduciary duty must be dismissed.

    3.    <u>Credit Default Swap</u>

Defendant moves to dismiss "Plaintiff's claims of credit-swapping and securitization."

4

Upon review of the Complaint, it is not clear to this Court that this portion was intended to constitute a cause of action as opposed to background information. Regardless, the Court knows of no law prohibiting credit-default swaps. Thus, to the extent that Plaintiff is attempting to state a claim based on the alleged swap, this claim is dismissed.

4.  Conspiracy

Defendant moves to dismiss Plaintiff's claim that Defendant conspired with the appraiser. As before, it is not clear that this portion of the Complaint was intended to constitute a cause of action, but if it were, simply stating "Lender, in furtherance of the above referenced conspiracy, conspired with appraiser for the purpose of preparing an appraisal with a falsely stated price" (Compl. at p. 13) is not sufficient to state a claim for which relief may be granted. Such bare accusations without factual enhancement cannot survive a 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 555-57.

5.  Fraud

The elements of common-law fraud are: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result." *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 225 (3d Cir. 2008). Plaintiff's opening paragraph for her common-law fraud claim reads: "[i]f any Agents' misrepresentations made herein were not intentional, said misrepresentations were negligent. When the Agents made the representations alleged herein, he/she/it had no reasonable ground for believing them to be true." (Compl. at p. 21). Unfortunately, this excerpt is representative of the level of detail employed with regard to this claim. The Court is left wondering what the subject

misrepresentation was, and who this "Agent" is. Without any idea regarding the identity of the declarant, it is impossible to determine their state of mind. Moreover, Plaintiff fails to address why her reliance on the misrepresentation was justifiable. Finally, her recitation concerning damages is equally superficial and provides no fact specific allegations. Accordingly, this claim must be dismissed.

**III.   CONCLUSION**

Defendant's motion to dismiss pursuant to Rule 12(b)(6) will be granted.[1] An appropriate form of Order will accompany this Opinion.

<div style="text-align:right">
s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge
</div>

DATED: September 1, 2011

---

[1] Defendant did not move to dismiss Plaintiff's claim for breach of the implied covenant of good faith and fair dealing nor her claim for intentional infliction of emotional distress. Accordingly, the complaint is not dismissed in its entirety, but only as to the specific counts addressed by Defendant.