NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELISE D. WILKINS, : | |
| : | Civil Action No. 10-5334 (SRC) |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| ING BANK FSB, : | |
| Defendant. : | |

**CHESLER**, District Judge

     This matter comes before the Court upon Defendant ING Bank FSB's motion for summary judgment [docket entry 42]. Plaintiff has opposed the motion. The Court will rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendant's motion for summary judgment.

**I.    BACKGROUND**

     The instant action is based on a home mortgage loan which closed on December 26, 2007. Defendant ING Bank FSB ("ING" or "Defendant") was the lender and Plaintiff Elise Wilkins ("Plaintiff" or "Wilkins") the borrower. In her Complaint, filed on October 15, 2010, Plaintiff alleges that Defendant and others schemed to induce Plaintiff to enter into a predatory loan agreement. Though the Complaint is somewhat difficult to comprehend, Plaintiff appears to allege that an ING agent induced her to enter a mortgage agreement that she could not legally

afford, and that the lender assessed improper fees during the closing of the loan, which were conveyed to the agent as an incentive to "up-sell" the Plaintiff and other similarly-situated mortgagors.  Plaintiff alleges that the agent made false and misleading statements in the course of selling her the loan, and failed to provide proper disclosures.  Plaintiff implies that Defendant has declared her to be in default on the subject mortgage, and has attempted to collect the overdue payments.  Plaintiff then discusses the systemic profit-incentives for lenders in the United States to sell mortgages to customers who cannot afford same.  Plaintiff alleges that the Defendant's agent breached his or her duty to deal with Plaintiff in good faith by: (1) failing to provide proper disclosures; (2) failing to provide accurate Right to Cancel notices; (3) placing Plaintiff into the subject loan without regard to more affordable products; (4) violating underwriting standards in the subject loan agreement; (5) failing to disclose the probability that Plaintiff would default on the loan; (6) failing to perform or properly document substitutions and assignments with respect to the ownership of the subject loan; (7) initiating foreclosure proceedings without right, in light of the unrecorded assigned to another lender; and (8) failing to respond in good faith to Plaintiff's request for documentation regarding the servicing of Plaintiff's loan and the existence/content of related documents.  Plaintiff asserts that the Defendant's conduct was extreme and outrageous, and that Defendant knew, or acted in reckless disregard of the probability that Plaintiff would suffer severe emotional distress as a result.  Plaintiff avers that Defendant's conduct has in fact caused her to suffer severe emotional distress, and that such distress has caused her economic and non-economic harm.

       Plaintiff also raised other claims for relief, which the Court dismissed on September 1, 2011.  Specifically, the Court granted Defendant's motion to dismiss Plaintiff's negligence, Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), and Home

Ownership and Equity Protection Act ("HOEPA") claims as time-barred. The Court further dismissed Plaintiff's claims for breach of fiduciary duty, any claim based on credit default swaps, conspiracy and fraud claims for failure to state a claim upon which relief may be granted.

Defendant now moves for summary judgment on the remaining claims in Plaintiff's Complaint: (1) breach of the implied covenant of good faith and fair dealing; and (2) intentional infliction of emotional distress.

## II.   DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kreschollek v. S. Stevedoring Co.*, 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the non-moving party. *See Boyle v. Cnty. Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where, as here, the nonmovant (plaintiff) would bear the burden of persuasion at trial, "the party moving for summary judgment may meet its burden of proof by showing that the evidentiary record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden at trial." *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 [43 Fair Empl. Prac. Cas. (BNA) 681] (3d Cir.), *cert. dismissed*, 483 U.S. 1052 (1987).

Once the moving party has properly supported its showing of no triable issue of fact and

of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita*, 475 U.S. at 586; *see also Anderson*, 477 U.S. at 247-48.  Pursuant to Federal Rule of Civil Procedure 56(e), the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), *cert. denied*, 507 U.S. 912 (1993)).

    **B.  Legal Analysis**

        1.  Breach of the Implied Covenant of Good Faith and Faith Dealing

In New Jersey, the implied covenant of good faith and fair dealing is inherent in every contract, and requires that "neither party shall do anything which would have the effect of destroying or injuring the right of the other party to receive the full fruits of the contract . . . ." *R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co.*, 168 N.J. 255, 773 A.2d 1132, 1146 (N.J. 2001) (internal citations omitted).  A claim for breach of the covenant also requires a showing of bad motive or intention.  *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 531 (D.N.J. Mar. 31, 2008) (citing *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 773 A.2d 1121, 1126 (N.J. 2001)).

    Here, Defendant argues that Plaintiff has failed to demonstrate that Defendant breached the covenant of good faith and fair dealing with respect to the parties' mortgage agreement.  The Court agrees that Plaintiff has not come forth with sufficient facts to create a material dispute as

to whether Defendant breached the covenant. First, Plaintiff does not contest Defendant's assertion that it supplied her with the pre-closing Truth in Lending Disclosure Statement or the Notice of Right to Rescission, both of which Plaintiff appears to have signed. (Hanusek Cert., Exs. D-F.) Moreover, when the Court dismissed Plaintiff's TILA, RESPA and HOEPA claims as time-barred, it found that equitable tolling of those claims was inappropriate in light of Plaintiff's failure to show how the Defendant actively misled her, and in light of her concession that she did not begin examining the mortgage documents more carefully until after the closing. Second, as to Defendant's alleged failure to properly document assignments or substitutions, Defendant was the originator of Plaintiff's mortgage, and it has, to date, made no assignment of the loan. Thus, Plaintiff's contention regarding the proper recording of any assignments would appear to be moot. Moreover, Defendant avers that it has not initiated foreclosure proceedings, and Plaintiff does not assert otherwise in her response to Defendant's motion for summary judgment. Third, while Plaintiff argues that the mortgage broker knowingly offered Plaintiff an unaffordable loan, Plaintiff did not join the individual mortgage broker in this action. The Court has already rejected Plaintiff's contention that Defendant owed her a fiduciary duty with respect to the mortgage agreement, noting that there was no showing that Defendant encouraged Plaintiff to repose special trust in its advice, such that the Court should impose such a duty. *See United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 554-55 (App. Div. 1997).[1] Finally, and most

---

[1] Plaintiff, in her opposition to Defendant's motion for summary judgment, includes an eight-page block quote from an article on various state laws regarding whether a mortgage broker has a fiduciary duty to a borrower, but, as Defendant points out, the article references the rule in New Jersey that the "mere existence of a mortgage agreement between plaintiff and defendant is insufficient as a matter of law to create any duty of care owing from Defendant to Plaintiff." *Int'l Minerals & Mining Corp. v. Citicorp North Am., Inc.*, 736 F. Supp. 587, 597 (D.N.J. 1990) (citing *Washington Steel Corp. v. TW Corp.*, 602 F.2d 594, 599-600 (3d Cir. 1979) (overruled on other grounds by *Clark v. K-Mart Corp.*, 979 F.2d 965, 967-69 (3d Cir. 1992)).

importantly, Plaintiff fails to show that Defendant destroyed or injured her right to enjoy the fruits of the loan transaction between the parties.  Plaintiff does not allege that Defendant performed unreasonably or with ill intention, such that Plaintiff was deprived of the benefit of the refinancing resulting from the mortgage contract.  (Hanusek Cert., Ex. C.) [2]  Thus, no reasonable factfinder could conclude that the Defendant breached the covenant of good faith and fair dealing with respect to the mortgage agreement between the parties.

        2.  Intentional Infliction of Emotional Distress

State courts in New Jersey recognize intentional infliction of emotional distress ("IIED") as a separate cause of action, utilizing the standard set forth in the Restatement (Second) of Torts, which provides, in section 46, *inter alia*:

> (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress . . .

*See Buckley v. Trenton Sav. Fund Soc'y*, 111 N.J. 355, 365-66 (N.J. 1988).  To establish a claim for IIED, the plaintiff must establish (1) intentional and (2) outrageous conduct by the defendant, (3) proximate cause, and (4) distress that is severe.  *Id.* at 366.  With respect to the first factor, the defendant must be shown to have intended both the act, and to produce emotional distress, or to have acted in reckless disregard of a high probability that emotional distress would result.  *Id.* Second, the defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965).

Defendant argues that Plaintiff's IIED claim fails because she sets forth no facts from

---

[2] A copy of the mortgage settlement agreement shows that the proceeds of the loan were used, in part, to pay of the prior mortgage on Plaintiff's property, with the remainder to be provided in cash to Plaintiff.

which a jury could conclude that Defendant acted with the requisite intention or recklessness, or that its conduct was outrageous. The Court agrees. The relevant charging paragraphs in Plaintiff's Complaint merely refer to the conduct set forth in previous paragraphs, which contain Plaintiff's statement of facts and other claims. However, the Court has dismissed Plaintiff's claims of negligence, fraud, conspiracy, breach of fiduciary duty, and breach of the covenant of good faith and fair dealing, and thus none of these causes of action can provide the predicate element of intentional or reckless conduct for Plaintiff's IIED claim. Moreover, Plaintiff has not shown with any degree of particularity that Defendant was aware of Plaintiff's inability to afford her mortgage payment, or that Defendant acted in reckless disregard of this risk by extending her a loan so outrageously inappropriate that it was "beyond all possible bounds of decency." RESTATEMENT (SECOND) OF TORTS § 46 cmt. d. Plaintiff argues that Defendant has refused to modify the subject loan agreement, in spite of her requests for help, but she identifies no obligation on Defendant's part to agree to any loan modification. Thus, although the Court sympathizes with Plaintiff's financial distress, and views the facts asserted in the light most favorable to her, there is no basis in this record for a factfinder to reasonably conclude that Defendant's conduct in the subject mortgage agreement was outrageous, and intended (or very likely) to cause Plaintiff severe emotional distress. Therefore, Defendant is entitled to judgment as a matter of law on Plaintiff's IIED claim.

**III.    CONCLUSION**

For the reasons set forth above, the Defendant' motion for summary judgment will be granted.  Plaintiff's Complaint will, accordingly, be dismissed with prejudice.  An appropriate form of Order shall be filed together with this Opinion.

 /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: April 10, 2012